# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COSMO TECHNOLOGIES LIMITED, VALEANT PHARMACEUTICALS LUXEMBOURG S.À. R.L., and SANTARUS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PAR PHARMACEUTICAL, INC., <br><br> Defendant. | Civil Action No. 1:15-cv-01049-LPS |

## CONSENT JUDGMENT AND DISMISSAL

Plaintiffs Cosmo Technologies Limited ("Cosmo"), Valeant Pharmaceuticals Luxembourg S.à. r.l. ("Valeant"), Santarus, Inc. ("Santarus") (collectively, "Plaintiffs") and Defendant Par Pharmaceutical, Inc. (hereinafter "Par" and, together with Plaintiffs, "Parties") have agreed to terms and conditions representing a negotiated settlement of this action and have set forth those terms and conditions in a Settlement and License Agreement by and between the Parties.

Accordingly, the Parties, by their respective undersigned attorneys, hereby stipulate and consent to the entry of a judgment and an injunction in and dismissal of this action pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, as follows:

The Court **HEREBY ORDERS, ADJUDGES AND DECREES**:

1. This Court has jurisdiction over the subject matter of this action and personal jurisdiction over the Parties.

2. The term "Affiliate" means: any Person that controls, is controlled by or is under common control with such first Person. For purposes of this definition only, "control" means (1) to possess, directly or indirectly, the power to direct management or policies of a Person, whether through ownership of voting securities, by contract relating to voting rights or corporate governance, or otherwise or (2) to own, directly or indirectly, more than fifty percent (50%) of the outstanding voting securities, or other voting ownership interest, of a Person.

3. The term "NDA Approved Product" means the product that is approved for distribution in the United States under New Drug Application No. 203634.

4. The term "Par's ANDA" means Abbreviated New Drug Application No. 206131, including all amendments and supplements thereto.

5. The term "Par's ANDA Product" means budesonide tablets that are the subject of Par's ANDA.

6. The term "Person" means an individual, sole proprietorship, partnership, limited partnership, limited liability partnership, corporation, limited liability company, business trust, joint stock company, trust, incorporated association, joint venture or similar entity or organization, including a government or political subdivision, department or agency of a government.

7. The term "Proceeding" means any action, litigation or other proceeding (including any interference, re-examination, *inter partes* review, post-grant, *ex parte*, or opposition proceeding) at or before the USPTO or any court or other governmental body.

8. The term "USPTO" means the United States Patent and Trademark Office and shall include the Patent Trial and Appeal Board, the Board of Patent Appeals and Interferences, and any other administrative board or court related thereto.

9. Par, its Affiliates and each of their respective predecessors, successors, assigns, agents, officers, directors, employees, and representatives (collectively "Par's Releasors") have acknowledged, admitted, and agreed that U.S. Patent No. 9,132,093 (hereinafter "Asserted Patent"), is valid and enforceable in the above-captioned litigation or any other or future Proceeding the subject matter of which is Par's ANDA Product.

10. Each of Par's Releasors has acknowledged, admitted, and agreed that each Asserted and Related Patent would be infringed by the making, having made, use, sale, offer to sell, or importation of Par's ANDA Product in or for the United States.

11. Each of Par's Releasors has agreed not to challenge or otherwise dispute or contest, and not to assist any other Person, whether directly or indirectly, in challenging or otherwise disputing or contesting, the validity, enforceability or patentability of the Asserted Patent in any Proceeding, as such assertions relate to Par's ANDA or Par's ANDA Product; or the infringement of the Asserted Patent by the making, having made, use, sale, offer to sell, or importation of Par's ANDA Product in or for the United States.

12. Par, including its successors and assigns, are enjoined, directly and indirectly, on their own part or through their respective Affiliates, licensees, sublicensees or other Persons, from (a) marketing, distributing, having distributed, offering for sale, selling or taking orders for Par's ANDA Product in or for the United States or (b) licensing, sublicensing, enabling, permitting or causing (or continuing to license, sublicense, knowingly enable, permit or cause) any Person to do any of the foregoing, except in each case (a) and (b) solely as and to the extent specifically authorized by the Settlement and License Agreement.

13. In the event of breach or violation of the terms of this Consent Judgment and Dismissal, jurisdiction and venue for an action for preliminary and permanent injunctions against

the breaching conduct exists in this Court, and the Parties hereby waive any and all defenses based on subject matter jurisdiction, personal jurisdiction and inconvenient or improper forum or venue.

14. All claims and counterclaims in this action are dismissed with prejudice.

15. This Consent Judgment and Dismissal affects a settlement between the Parties of their claims and counterclaims in the present action. It does not constitute a judgment on the merits in respect of any such claim or counterclaim.

16. Except as otherwise provided by the Settlement and License Agreement, each Party shall bear its own costs and attorneys' fees in respect of this action.

17. Compliance with this Consent Judgment and Dismissal may be enforced by the Parties and their respective successors and permitted assigns.

18. This Court retains jurisdiction to enforce or supervise performance under this Consent Judgment and Dismissal of the aforesaid Settlement and License Agreement.

*[Signatures appear on next page.]*

SO ORDERED this 25th day of July, 2016.

_____
The Honorable Leonard P. Stark
United States District Court Judge

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | YOUNG CONAWAY STARGATT & TAYLOR LLP |
|---|---|
| */s/ Maryellen Noreika* | */s/ Karen L. Pascale* |
| Jack B. Blumenfeld (#1014) | Karen L. Pascale (#2903) |
| Maryellen Noreika (#3208) | James L. Higgins (#5021) |
| 1201 North Market Street | Rodney Square |
| P.O. Box 1347 | 1000 North King Street |
| Wilmington, DE 19899-1347 | Wilmington, DE 19899-0391 |
| (302) 658-9200 | Telephone: 302-571-6600 |
| jblumenfeld@mnat.com | kpascale@ycst.com |
| mnoreika@mnat.com | jhiggins@ycst.com |
| *Attorneys for Plaintiffs* | *Attorneys for Par Pharmaceuticals, Inc.* |
| OF COUNSEL: | OF COUNSEL: |
| Melanie R. Rupert | Richard J. Berman |
| David M. Conca | Janine A. Carlan |
| Nicholas Tymoczko | Taniel E. Anderson |
| Jennifer Nguyen | Ahmed Abdel-Rahman |
| Scott Peachman | ARENT FOX LLP |
| PAUL HASTINGS LLP | 1717 K Street, NW |
| 200 Park Avenue | Washington, DC 20036-5342 |
| New York, NY 10166 | (202) 857-6000 |
| (212) 318-6000 | |